1835.

CROMWELL
*v*
CROMWELL.

---

## CROMWELL *v.* CROMWELL.

---

C., by her will, directed her property to be converted into money and invested at interest; and, after giving legacies, ordered as follows: "that all such residue of said interest money or other profits as there shall be, after such payments as above mentioned, be equally divided among my children or the survivor or survivors of such as shall die childless yearly and every year share and share alike during their natural lives; and that if either of my said children shall die leaving a child or children, then the part or share of which the parent of such child or children was receiving the interest during his life shall immediately vest in and be the property of such his child or children as shall be living at his death:" *Held*, that this did not come within the provision of the Revised Statutes (1 R. S. 773. § 1.) providing against the suspension of ownership of personal property for a longer period than two lives; and that the clause was good.

---

Mrs. Cromwell died, leaving personal property only, amounting to about ten thousand dollars. She had made her will, bearing date the fourteenth day of May one thousand eight hundred and thirty. Her death happened in the month of February one thousand eight hundred and thirty-three. By her will, after directing all her property to be sold and converted into money by the executors and the money to be put out at interest, she ordered some small legacies and annuities to be paid out of such interest and then directed (taking the words of the will) "that all such residue of said interest money or other profits as there shall be after such payments as above mentioned be equally divided among my children or the survivor or survivors of such as shall die childless yearly and every year share and share alike, during their natural lives; and that if either of my said children shall die leaving a child or children, then the part or share of which the parent of such child or children

October,
1835.

*Will.*

1835.

CROMWELL
v.
CROMWELL.

was receiving the interest during his life shall immediately vest in and be the property of such his child or children as shall be living at his. death."

The testatrix left three sons, who were the parties to this suit. The two made defendants were appointed executors ; and had proved the will and held the property upon the trusts specified in it. The complainant was unmarried ; and he filed his bill for the purpose of avoiding the limitations over to the survivors and survivor and to. their child or children in the event of their leaving any—and prayed for an immediate distribution of the whole residue among the three sons absolutely : upon the ground that such limitations over were void in law.

Mr. *W. K. Thorn*, for the complainant.

Mr *C. T. Cromwell*, for the defendants.

*October* 5.        THE VICE-CHANCELLOR :—The Revised Statutes, which were in force when this will was made and took effect, provide " that the absolute ownership of personal property shall not be suspended by any limitation or condition whatever for a longer period than during the continuance and until the determination of not more than two lives in being at the date of the instrument containing such limitation or condition or if such instrument be a will for not more than two lives in being at the death of the testator" : 1 R. S. 773, § 1.

The question is : whether this case comes within the section just quoted? Is there, by this will, a suspension of the absolute ownership beyond the lives of two persons in being at the death of the testatrix ?

If the will bequeath the property to the executors in trust or convert it into a trust fund in the hands of the executors for the benefit of the three sons for life in joint tenancy, creating but one estate or interest in the whole fund and preventing a partage or division until the termination of all three of the lives and, in the meantime, the interest of persons who are to take in remainder be contingent, then, ac-

cording to the opinion of the Chancellor, in *Lorillard* v. *Coster*, the whole trust would be void. But I think the present is not such a case. According to my understanding of the will in question, the property is given in several undivided third parts. The three sons take as tenants in common for life, with benefit of survivorship in the event of either dying without issue—the issue surviving the parent to take his share. In this way the absolute ownership in each share or third, considered distinctly, is not suspended for three lives. It is only suspended in fact for one life, for upon the death of any one of the first takers, his share vests in the survivors or survivor or in the deceased first taker's child or children. It is not a case, therefore, within the statute. In *Lorillard* v. *Coster*, the chancellor made a similar distinction—and it is sound.

It is the duty of the court to give effect to the whole will, unless some part or parts of it are clearly against the provisions of the statute or the policy of the law. The will can be supported; and the complainant's bill must be dismissed, with costs.