(11 Misc. Rep. 463.)

MULLINS v. MULLINS et al.

(Supreme Court, Special Term, New York County.  February, 1895.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE.
      Testator devised real estate to his brother, in trust "to have and hold the same during the minority of six children of my brother J. for the

benefit of said children. * * * On said children attaining majority, I give, devise, and bequeath the house and lot devised by this paragraph to the said six children." *Held*, that the devise to the children was valid, irrespective of the validity of the trust.

2. TRUSTS—TO RECEIVE RENTS—VALIDITY.

In such case a valid trust to receive the rents of the land during the minority of the children is created.

Action by Thomas F. Mullins, as trustee, against Joseph M. Mullins and others, to obtain a judicial construction of the will of Ellen Hoey.

Richard S. Emmet, for plaintiff.

Rastus S. Ransom and W. H. Hamilton, for infant defendants.

R. E. Robinson, for other defendants.

RUSSELL, J.    This action is brought for the construction of the will of Ellen Hoey, who died without descendants.    By the first paragraph she devises a house and lot in East Fifty-Seventh street, New York City, to her brother Thomas F. Mullins.    By the second paragraph she devises "the house and lot known and distinguished as 'No. 326 E. 57th St.,' in the city of New York, unto my brother Thomas Francis Mullins, in trust, nevertheless, to have and hold the same during the minority of six children of my brother John Mullins, for the benefit of said children, being named respectively * * *.    On said children attaining majority, I give, devise, and bequeath the house and lot devised in this paragraph to the said six children and the issue of any deceased child, and the survivors and survivor of them, share and share alike, issue to take per capita and not per stirpes, to have and to hold the same to their own use and behoof forever."    By the third devise and bequest she gives all her remaining property to her brother Thomas F. Mullins. These six children survived the testatrix, and brought an action of ejectment to obtain possession of the house and lot devised to them in the will.    The court at special term held the devise to be void, and dismissed the complaint.    On appeal the general term sustained the dismissal, without passing on the validity of the devise, holding that, if the devise was valid, the trust enabled Thomas F. Mullins, the defendant, to retain possession.    Mullins v. Mullins, 29 N. Y. Supp. 961.

The questions here presented are:    First. Is the devise to the children valid?    Second. If so, is the trust valid?    Third. If the devise is not valid, does the title go to the residuary devisee, or to the heirs as in case of intestacy?

The intent of the testatrix was plain.    She wanted her brother Thomas F. Mullins to have all of her property except the house and lot devised to the children.    She wanted those children of her brother John Mullins to have the house and lot No. 326 East Fifty-Seventh street.    She did not desire those children to manage that property during their minorities, and, for that reason, empowered Thomas F. Mullins, her brother, to have and to hold it for their benefit during minority.    Has she, then, by the use of language incapable of another construction, so expressed her manifest intent

as to contravene the statute against perpetuities, and thus render that intent incapable of execution? It is a well-known rule that a technical and strict construction of language, inartificially expressing the meaning of the testator, will not be given the paramount place so as to defeat the intent of the testator, where a reasonable interpretation would avoid the difficulty, and conform the intent of the testator to the legislation which seeks to prevent an undue suspension of the power of alienation. Phillips v. Davies, 92 N. Y. 199. The will of the testatrix in this case seems to be capable of such interpretation. She did not couple the trust to Thomas F. Mullins with any power or direction to do or perform any act which would be essential, within the scheme of her disposition, to convey to those children the title when they should attain majority. They were to take the title, or a vested estate, at a future time, but that time was at the time of her death. Moore v. Lyons, 25 Wend. 119; Leggett v. Hunter, 19 N. Y. 462; Du Bois v. Ray, 35 N. Y. 168. The trustee could do nothing whatever with a trust entirely valid, but use the place for their benefit during minority, or simply take charge for them during such period. No title was conveyed to him to pass over to them at any future period. It is plain, therefore, that the estate vested in the recipients of the bounty of the testatrix when her death came. There was no trust of the title by express language, and none will be presumed by implication. Post v. Hover, 33 N. Y. 593. When she died, therefore, to whom, under the operation of the will, would the estate go? If the six children were alive, to them. If one had died without descendants, the five remaining would take. That would be following the lines of the law of descent. If one had died leaving issue, that issue would take. No other person than the children or their possible issue having any interest in the title, the words of survivorship were entirely superfluous, there being no vacuum in the title between the death of the testatrix and the majority of any child.

Again, there is another view which might be taken. The construction is that, where estates are conveyed or devised to two or more persons, they take as tenants in common in severalty, unless a joint tenancy is conclusively given. In this case the usual rule follows. Each child took one-sixth, and if, by any possible construction, it should be held that there was a contingent right of survivorship after the death of the testatrix, it could be rationally held that his conditional estate, passing to the survivors, became theirs absolutely, so that each share, so passing once, was freed from the fetters of the clause of survivorship, and became the property of the others absolutely. Thus, no one of the six shares was fettered by any survivorship clause beyond the death of the first taker, and so was not suspended in its power of alienation beyond two lives in being. 4 Kent, Comm. 363; Cromwell v. Cromwell, 2 Edw. Ch. 495; 3 Ch. Sent. 7; Everitt v. Everitt, 29 N. Y. 39.

I hold, therefore, that each child took an estate as a tenant in common, and that the devise was valid, irrespective of the question as to whether the trust itself was valid. I think that the intent to give to the children a fee was primary in its character, and

not to be subverted by a secondary desire to have the shares controlled during a short part of the lives of the recipients of the good will of the testatrix.

2. Was the trust clause valid? The statute authorizes express trusts for the benefit of others. It provides for an express trust "to receive the rents and profits of lands and apply them to the use of any person during the life of such person, or for any shorter period." 1 Rev. St. p. 728, art. 2, § 55, subd. 3. The general term has held that, if the devise to the children is valid, that devise is controlled by an express trust. The authority, therefore, of the appellate court, binds the special term to a similar line of reasoning. And that line of reasoning accords entirely with my own views. It is not necessary to use the statutory language. The expression of any intent to create such a trust—any words which are sufficient to indicate the meaning—will suffice. The authority given by the testatrix is neither more nor less, being uncoupled with any disposition as to the title, than the right to receive the use and profits during the minorities. It is therefore valid as such, and gives the trustee control of each share during the minority of the child. If this were not so, and the express trust were not authorized, the authority might well be exercised under section 58 of the same article:

"Where an express trust shall be created for any purpose not enumerated in the preceding sections, no estate shall vest in the trustees; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions in relation to such powers contained in the third article of this title."

It is therefore unnecessary to consider the third question, as to where the title passes; for, under the construction given, it either goes to the residuary devisee or to the heirs as in case of intestacy.

Judgment is therefore directed for a construction of the will in accordance with this opinion, with costs of the parties to be paid out of the estate.