WILLS—CONSTRUCTION—DISPOSITION OF REMAINDER AFTER LIFE ESTATE—RIGHT OF SURVIVING HUSBAND.

Where a testatrix devises and bequeaths her realty and personality to her husband for life, without disposition of the remainder, the husband is entitled to the personalty absolutely after payment of debts.

Proceeding for the judicial settlement of the accounts of Joseph G. McLeod as administrator with the will annexed of Jane McLeod, deceased. Decree settling the accounts and discharging the administrator and his sureties.

Willis J. Fletcher, for administrator.

H. Benjamin Chase, for respondents James Mathews, Mary Stone, and John W. Mathews.

HERRIMAN, S. Jane McLeod died December 27, 1893, leaving surviving her her husband, Joseph G. McLeod, and no descendants, her next of kin being brothers and sisters, and leaving her will, which reads as follows:

"I, Jane McLeod, wife of Joseph G. McLeod, being of sound mind and memory, do give, devise, and bequeath all the use of my property, both real and personal, to my husband, the said Joseph G. McLeod, during his natural life, hereby revoking all former wills by me made. In witness whereof, I, Jane McLeod, have to this, my last will and testament, subscribed my name this twenty-first day of November, in the year of our Lord 1890, at Louisville, in the county of St. Lawrence and state of New York.

"Jane McLeod. [L. S.]"

The will was admitted to probate, and letters of administration with the will annexed were issued thereon to the husband, Joseph G. McLeod, July 8, 1895. The inventory of the personal estate filed by the administrator shows personal property of the value of $4,476.75, and the account of the administrator shows personal property remaining in his hands to the amount of $4,047.54, subject to the commissions of the administrator and the expenses of the accounting. She also left real estate of the value of about the sum of $2,000. It is now claimed by the husband that he is entitled to the personal property absolutely after the payment of the debts, funeral expenses, and the expenses of administration, and this claim is resisted by the brothers and sisters of the testatrix, who claim to be entitled to the personal property, subject to the life use of the husband. It seems to me that the claim of the husband must be allowed. The testatrix died intestate as to her entire estate except the interest given to the husband by the will, and under the decision of the court of appeals in the case of Robins v. McClure, 100 N. Y. 328, 3 N. E. 663, and the cases there cited, particularly Fry v. Smith, 10 Abb. N. C. 224, the husband takes a life estate by virtue of the will, and the remainder in the personal property absolutely by virtue of his marital rights. The case of Fry v. Smith, supra, is exactly parallel to the case at bar, except that in that case the testatrix attempted to dispose of her entire estate by will, but the bequest of the remainder lapsed by reason of the death of the legatee prior to that of the testatrix. Courts cannot guess at the wishes of a testator, and can only attribute to him such intentions in regard to his estate as are expressed in, or are necessarily to be implied from, the will. In this case we are left without the slightest intimation of the wishes of the testatrix as to the remainder of her personal estate, for provision in a will for a person who would take a share of the estate in case of intestacy raises no implication of an intention to exclude that person from sharing in the residuum undisposed of. To cut off such person, it is necessary that the estate should be effectively bequeathed to another. Jackson v. Schauber, 7 Cow. 187. The remainder in the personal property must go according to the laws of intestacy; that is, to the husband absolutely. Let a decree be drawn settling the accounts of the administrator as filed, and discharging him and his sureties from further liability as to the personal estate, with $100 costs, in addition to the actual expenses of the accounting, payable from the estate.

Decreed accordingly.