(41 Misc. Rep. 206.)

## COOK v. STRAITON et al.

(Supreme Court, Special Term, New York County. July, 1903.)

1. TRUSTS—TERMINATION BY BENEFICIARIES—STATUTES.

Real Property Law (Laws 1896, p. 572, c. 547) § 83, provides that whenever a beneficiary in a trust for the receipt of rents and profits of real estate is entitled to a remainder in the whole or a part of the principal fund so held in trust subject to his beneficial estate for a life or lives, or a shorter term, he may release his interest in such rents and profits, and thereupon the estate of the trustee shall cease in that part of such principal fund to which such beneficiary has become entitled in remainder, and such trust shall merge in the remainder. *Held*, that unless a beneficiary of such a trust is entitled, as beneficiary, to the whole income of the trust, he cannot terminate it under such section.

2. SAME—WILLS—CONSTRUCTION—VESTED REMAINDERS.

Testator devised his residuary estate to his executors in trust until one of his grandchildren arrived at the age of 21, and, failing that, until another grandchild became 21, and declared that on either attaining majority, or if both died before arriving at age, he gave the estate to his children equally, with representation to the issue of deceased children. In another provision he directed his executors to collect the rents and divide them equally between his children and their issue until the grandchild arrived at majority. *Held*, that the children took vested remainders, subject to be divested by death during the minority of the surviving grandchild.

Action by William Cook against Christine Straiton and others for partition. Judgment for defendants.

Charles A. Decker, for plaintiff.

Hammond Odell, for defendant Fisher.

Thaddeus D. Kenneson and Henry A. Rubino, for defendant Beattys.

Stanley H. Bevins, for infant defendants.

Hansen, Zinsser & Power, for defendant V. Cook, Jr.

Andrew G. Cropsey, for defendant executors and trustees.

Joseph J. Baker, for defendant Sands.

Thomas Ives Chatfield, for defendant Straiton.

James J. Allen, for defendant Martin Cook.

LEVENTRITT, J. The plaintiff brings this action for the partition of certain lands of which his father died seised, and which are disposed of under the residuary clause of the latter's will. That clause makes a valid suspension of the power of alienation, and, though the trust term thereby provided has not yet terminated, the plaintiff claims that he is seised and possessed of such an estate of inheritance as entitles him to maintain this action. The claim is that by statutory permission—rising superior to the expressed wish of the testator and the general rule that the postponement of division provided in a will prevents partition until the time appointed—this action is well brought.

The action is obviously founded on section 1532 of the Code, which provides that where two or more persons hold or are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance or for life or for years, any one or more of them may maintain an action for the partition of

the property. The action is not brought under section 1533, which makes similar provision where two or more persons hold a vested remainder or reversion, subject to the proviso that a sale should not be had in the absence of a duly executed consent in writing by the person or persons holding the particular estate or estates.

The plaintiff maintains that he is presently seised in fee simple absolute of an undivided one-fifth part of the real property disposed of by the residuary clause. If he has not such an estate of inheritance, he has no status to maintain this action, and the complaint must be dismissed. The plaintiff builds his fee as follows: He claims first an absolute vested remainder in one-fifth of the residuary estate under the terminology of the residuary clause. He also claims and has a present interest in the rents and profits of all the testator's real estate, including that in the residuary clause. He then releases to himself all his right, title, and interest in and to the income of such trust estates, and in the rents and profits therefrom; the expressed purpose being to avail himself of the "rights and privileges granted in and by section 83 of the real property law" (Laws 1896, p. 572, c. 547), which, if the release be effectual, would terminate the trust, so far as he is concerned, and vest in him such an estate as would give him standing to maintain the partition action.

I am of the opinion that the release is ineffectual, and that the plaintiff fails on both branches of his case; in other words, he has no absolute vested remainder, but merely one vested subject to being divested, and, even if he has one that is indefeasible, his income in the trust estate is not such as to permit the execution of the release.

To take up the latter question first: The principle embodied in section 83 of the real property law has undergone successive extension and limitation. The Revised Statutes (1 Rev. St. [1st Ed.] p. 730, pt. 2, c. 1, tit. 2, § 63) originally provided that "no person beneficially interested in a trust for the receipt of the rents and profits of lands, can assign or in any manner dispose of such interest; but the rights and interest of every person for whose benefit a trust for the payment of a sum in gross is created are assignable." By chapter 452, p. 939, of the Laws of 1893, this section was amended and enlarged by an addition that was not free from ambiguity, and which, so far as here applicable, provides that, "whenever the person beneficially interested in the whole or any part of the income of any trust * * * for receipt of the rents and profits of lands" should be or should thereafter become entitled "to the remainder in the whole or any part of the principal fund so held in trust," it should be lawful for such person so beneficially interested in the whole or any part of the income of such trust estate to release to himself, or the person presumptively entitled to the remainder or reversion, all his right, title, and interest in and to the income of such trust estate, and that thereupon the estate of the trustee should proportionately cease.

The important point to observe for our purpose is that the privilege was extended to a person beneficially interested in the whole or any

part of the income. This amendment of section 63 was, however, found ambiguous and unsatisfactory, with the result that with the adoption of the real property law (Laws 1896, p. 572, c. 547) this section was limited by section 83 of that law, providing as follows:

"The right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person, can not be transferred by assignment or otherwise; but the right and interest of the beneficiary of any other trust may be transferred. Whenever a beneficiary in a trust for the receipt of the rents and profits of real property is entitled to a remainder in the whole or a part of the principal fund so held in trust subject to his beneficial estate for a life or lives, or a shorter term, he may release his interest in such rents and profits, and thereupon the estate of the trustee shall cease in that part of such principal fund to which such beneficiary has become entitled in remainder, and such trust estate merges in such remainder."

It will be noted that, while the transferability is extended from the one case of the assignability of the rights in a trust for the payment of a sum of money in gross to "any other trust," the right to release is limited to the case of a beneficiary of an express trust for the receipt of rents and profits of real property; the point of difference, so far as here material, between the amended section 63 and this section, being that whereas the former permitted the release, other conditions concurring, by a beneficiary, of the whole or any part of the income, section 83 of the real property law withdrew the privilege of the beneficiary of a part only, leaving the right open solely to a beneficiary of all the income. This construction of the change by section 83 has but recently received judicial sanction. In Matter of United States Trust Co., 80 App. Div. 77, 80 N. Y. Supp. 475, the son of the testatrix was, under the will, entitled to a portion of the income in her estate, while the balance of the income was payable to his three children, who likewise had the remainders in the estate. One of the children conveyed his third interest in remainder to his father, the son of the testatrix, who thereupon assumed to execute to himself a release of his estate in the income, pursuant to section 83 of the real property law. The main question involved in this case was one of jurisdiction, but on the point here in question the court adopted the language of the referee, saying:

"The privileges of the act of 1893 were afforded to any 'person beneficially interested in the whole or any part of the income of any trust heretofore or hereafter created for the receipt of the rents and profits of lands.' * * * The privileges of the present laws are afforded to 'a beneficiary in a trust for the receipt of the rents and profits of real property, * * * who is entitled to a remainder in the whole or a part of the principal fund so held in trust, subject to his beneficial estate for a life or lives, or a shorter term.' The express provision as to a beneficiary of a part only of the income of a given fund is thus stricken out, and the fund is referred to as subject to the 'beneficial estate for a life, * * *' of the person releasing. When language like the present is substituted for provisions like those of the act of 1893, the more proper construction would seem to limit its operation to those comparatively simple trusts where the cestui que trust has for the time being a complete equitable estate in the trust fund." At pages 84, 85, 80 App. Div., page 480, 80 N. Y. Supp.

As the testator died on December 9, 1897, and as his will, therefore, took effect when the act of 1896, construed and applied in Matter of United States Trust Co., was in force, its provisions, and not those of the act of 1893, are controlling in the disposition of the question of the

plaintiff's right to release; and, as the plaintiff's interest was concededly an interest only in part of the income, the instrument he executed to himself was ineffectual for any purpose.

Although it has no present applicability to the trust here involved, it may not be amiss to refer to chapter 88 of the laws of the present year (Laws 1903, p. 239), in effect since March 25th, which has swept away the right to release even in a beneficiary of the complete equitable estate, by amending section 83 of the real property law so that it is now practically as it was incorporated in the Revised Statutes before amendment by the Laws of 1893. This successive limitation, as disclosed by the various acts since 1893, is not unimportant, as showing the intent of the Legislature in all acts after the first toward restriction, and not enlargement.

As a result of the view I take of the release, it becomes unnecessary to dwell at length on the construction to be given to the plaintiff's interest under his father's will. I revert to it briefly, for, unless he has an indefeasible vested remainder, he cannot maintain this action, even though the release in question be held good.

The residuary clause of the will reads as follows:

"All the rest residue and remainder of my estate both real and personal I give, bequeath and devise unto my executors hereinafter named in Trust however until my grandchild, Valentine, son of my daughter Susan, wife of Arthur E. Helmrich, shall become 21 years of age; in case my said grandchild Valentine should die before he becomes 21 years of age I give, bequeath and devise the same unto my said executors in Trust, to hold the same until the my grandchild Christine daughter of my daughter Christine wife of Wallace Straiton shall become 21 years of age, when either of my grandchildren shall have attained their majority as above stated, or in case both should die before attaining their majority, I give bequeath and devise all my said residuary estate unto all of my children absolutely and forever the same to be divided equally between them, should any of my children have died leaving issue, the issue then to take the share of the parents;

"And I further direct my said executors to collect all the rents and profits of all my real estate until my grandchild as hereinabove mentioned shall become twenty-one years, and divide the same, after deducting all necessary charges, equally between all of my children or their issue, the issue to take the share of the parent as if he or she were living."

Omitting all conventional rules of construction, and reading this simply in the light of the testator's intent, I am of the opinion that he intended his children, at most, to take vested remainders, subject to being divested by death during the minority of the surviving grandchild. Taking this clause alone, and noting the creation of the legal estate in the trustees, the collocation of the words of the substitutional gift with the time when the children are to take the corpus of the residuary estate absolutely and forever, the testator's intent seems to me quite clear that, unless a beneficiary of the income survived the minority of the surviving grandchild, he was to take no share of the corpus. If we go outside the residuary clause and search the will for support for this view of the intent, I think we shall find items of corroboration. The will disposes of much other property than that given by the residuary clause. Several other trusts are created for beneficiaries designated nominatim. In five specific instances the testator is careful to provide for substitutional bequests or devises in case of death before him, and twice he provides for the case of death

of a child or children during his lifetime without issue. This specific and careful reference to deaths occurring during his lifetime must be considered in the construction of the residuary clause, where the deaths are not referred to in his lifetime. This difference in language, to me, emphasizes the difference in intention. The testator did not refer to a death during his lifetime, because he intended a death during the trust term. Beyond this, the rest of the will justifies the conclusion that the gift to the children in the residuary clause is in the nature of a gift to a class. While ordinarily a gift to children of the blood is to be taken distributively, this rule yields, as all others not in contravention of statute or policy, to the cardinal canon of intent. At the time the will was made, the testator had six children. Only five of these are mentioned in the other paragraphs of the will. In one clause he specifies five by name, but in the residuary clause he includes all, under the comprehensive designation "children"—among them, one who would otherwise take nothing—and children and their issue are collectively grouped together as the ultimate beneficiaries of his bounty when the time designated shall have arrived. It is also to be borne in mind, as indicative of intent, that those whose minorities measure the trust term are not the direct or the first beneficiaries of the residuary estate, but are merely substitutionally entitled to a portion of it. In other words, the arbitrary selection of the measuring minorities gives additional weight to the construction that the termination of the trust term is the time fixed for the absolute vesting of the estate.

Were this a colorless will, many of the technical rules cited by the plaintiff might find application. But where the intent is clear, that becomes the single rule, so long as no principle of law is infringed. While the law unequivocally favors the absolute vesting of the estate at the earliest possible moment, there is no such inviolable sanctity to the rule as to compel the perversion of the testator's intent.

If technical rules are to be applied, that laid down in Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334, would seem quite controlling against the plaintiff's contention. The rule was there reiterated that words of survivorship in a will refer to the time of the testator's death only in the case of an absolute gift to one, and in case of his death to another, and that it has no application where there is an intervening estate, as here, in the trustees during the specified minority. The plaintiff's attempt to distinguish that case, while ingenious, is not successful. The rule is not limited to cases of bequest of personal property. Whatever its origin may have been, the decisions of the highest court of this state commit us to doctrine that covers devises as well. Nor is this a case like Warner v. Durant, 76 N. Y. 133, Smith v. Edwards, 88 N. Y. 103, and Ogden v. Ogden, 40 Misc. Rep. 473, 82 N. Y. Supp. 710, where the fact was seized upon, as corroborative of intent, that the specific share of corpus out of which the specific share of the income arose was thereafter given to the beneficiary of the income—a circumstance which is ordinarily given great weight, as denoting an intention to vest the remainder from the time at which the income begins to accrue. Here there is no division of the corpus into shares, but the whole is left en bloc in the trustees.

Inasmuch as the complaint must be dismissed, it becomes unnecessary to consider the issue raised by the trustee in bankruptcy, or the question of the widow's right to dower.

Judgment is directed dismissing the complaint.