(122 App. Div. 492.)

### CONNOLLY et al. v. CONNOLLY et al.

(Supreme Court, Appellate Division, Second Department.   November 29, 1907.)

TRUSTS—RELEASE OF INCOME—TERMINATION—STATUTES.

Laws 1897, p. 508, c. 417, § 3, provided that a beneficiary in a trust for the receipt of income of personalty, who was also entitled to a remainder in the whole or part of the principal fund, might release his interest in the income and thereby terminate the trust. Testator bequeathed the residue of his estate to his wife for life, remainder to his executor, in trust to divide such remainder into five equal parts and apply the income of each part to one of testator's five children, with power to dispose of the principal of one-fifth part of the estate to each of such children. The probate decree, by consent of all parties, construed the will to mean that none of the children should have the right or power to dispose of so much of the estate as was adjudged to be held in trust for such child. *Held* that, construing such decree to relate only to the power to assign during the lifetime of the beneficiary, so that each child had power of appointment respecting the share of which he was entitled to the income for life, the existence of the unexecuted power of appointment did not interfere with the vesting of the remainder limited on the trust estate, as expressly provided by Real Property Law, Laws 1896, p. 564, c. 547, § 31, so that each beneficiary was entitled to release to himself his interest in the income of his share and thereby terminate the trust.

Submission of controversy on agreed statement of facts, as authorized by Code Civ. Proc. § 1279, between William A. Connolly and another and Daniel Connolly, individually and as trustee of the last will of Patrick Connolly, deceased, and others.   Judgment for plaintiffs. ·

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

John J. Fitzgerald, for plaintiffs.
William D. Veeder, for defendants.

MILLER, J.   This is a submitted controversy.   Patrick Connolly died December 18, 1898, leaving a last will and testament, made October 27, 1897, containing, among others, the following provisions:

"Third. I give, devise bequeath all the rest, residue and remainder of my estate to my beloved wife Catharine for and during her natural life.

"Fourth. On the decease of my wife Catharine I give, bequeath and devise my estate as follows: I direct my executor to convert all my estate into personalty and to take the same into the possession of my said executor, which I hereby give and bequeath to him upon the following trusts: To apply and divide the income of said estate equally for the benefit of my children during their life with power of disposition to each of my children of one-fifth thereof, it being my intention that my executor and trustee, Daniel Connolly, shall divide my estate into five equal parts on the decease of my wife, Catharine, and to apply the income of one said fifth parts to my son Daniel during his life with power of the disposition of the principal of a one-fifth part to him and also the same power of application of the income and disposition of principal of one-fifth part of my estate to each of my children Thomas, William and Catharine Connolly and Mary Ellen McDonnell, respectively."

The testator's estate consisted solely of personalty.   By the consent and with the acquiescence of all parties the will was construed

by the decree admitting it to probate. The following is the material provision of said decree, viz.:

"And it is further adjudged and decreed that the testator meant and intended that none of said children aforesaid, namely; Daniel, Thomas, William, and Catharine Connolly and Mary Ellen McDonnell, should have the right or power to dispose of so much of the said estate as is adjudged to be held in trust as aforesaid for such child."

The testator was survived by his wife and said five children. The widow died intestate March 15, 1900. On August 29, 1906, said children executed assignments so as to vest in each all the right, title, and interest of the others in and to the one-fifth part of the estate of which each was respectively entitled to the income during his life, and then each released to himself, as the person entitled to the remainder, his interest in the income of said fifth part; and the plaintiffs now ask that the trustee pay over to them their respective shares, on the theory that the trust estate has terminated and become merged in the remainders, pursuant to Laws 1897, p. 508, c. 417, § 3.

The contention of the plaintiffs is that the testator failed to dispose of the residue of the trust estates created by him, and that such residue vested in his next of kin as of the time of his death; while the trustee contends that there was no intestacy, and that he would not be protected in the event of the exercise of the power of disposition.

The provision of said section 3, c. 417, p. 508, of the Laws of 1897, which allowed a beneficiary in a trust for the receipt of the income of personal property, who was also entitled to a remainder in the whole or a part of the principal funds so held in trust, to release his interest in said income and thereby to terminate the trust, was repealed by chapter 87, p. 239, of the Laws of 1903; but said repealing act contained the following provision, viz.:

"Sec. 2. The provisions of this act shall not impair or affect any rights existing at the date of its passage; but the act hereby amended shall have the same force and effect with respect to such existing right as though this amendatory act had not been passed."

It is not disputed that, if the plaintiffs had the right to terminate the trust prior to the passage of said chapter 87 of the Laws of 1903, said right was saved by section 2, quoted supra. In effect the testator created five separate trusts, and gave each of his children the whole income of one. If, therefore, each had an absolute and indefeasible title to the whole or a part of the remainder, not subject to be divested or to diminution, he had the right to terminate the trust. See Matter of United States Trust Co., 175 N. Y. 304, 67 N. E. 614; Cook v. Straiton, 41 Misc. Rep. 206, 83 N. Y. Supp. 964, affirmed on opinion below 96 App. Div. 625, 89 N. Y. Supp. 1102. We must determine, therefore, the nature of the plaintiffs' interests in the undisposed of remainders.

According to the literal wording of the provision of the decree construing the will, quoted supra, the life beneficiaries had no power under the will to dispose of said remainders. If that is deemed to be the construction adopted by said decree, the language of the will assuming to confer the power of disposition must be disregarded, and

in that case there can be no doubt that the next of kin of the testator took vested remainders as of the time of his death. Both sides to this controversy assume, however, that the provision of said decree construing the will only related to the power to assign in the lifetime of the beneficiary, and hence that each had the power of appointment by will respecting the share of which he was entitled to the income for life. We will therefore treat said decree as having that effect, without deciding that it does have. The testator's next of kin, therefore, took either vested or contingent remainders. The fact that the five children were also beneficiaries of the trusts created for their respective lives is no obstacle to their taking vested remainders, limited upon said trust estate. Doane v. Mercantile Trust Co., 160 N. Y. 494, and cases cited on page 499, 55 N. E. 296. Nor does the existence of an unexecuted power of appointment interfere with the vesting of the remainder. Doe v. Martin, 4 T. R. 39–65; Smith v. Lord Camelford, 2 Ves. Jr. 697; Sandford v. Blake, 45 N. J. Eq. 248, 17 Atl. 812; Grosvenor v. Bowen, 15 R. I. 549, 10 Atl. 589; Root v. Stuyvesant, 18 Wend. 257–268.

Section 31 of the real property law (Laws 1896, p. 564, c. 547) provides:

"The existence of an unexecuted power of appointment does not prevent the vesting of a future estate, limited in default of the execution of the power."

So far as this question is concerned, it cannot matter that the remainders are not created by the will, but arise by operation of law. In default of the execution of the power of appointment there would certainly be intestacy, and the next of kin, who happen in this case to be the beneficiaries, would take precisely as though the will had in terms limited remainders to them in default of the execution of said powers. There is no uncertainty, either as to the persons to whom or the event upon which the remainders are limited. See section 30 of the real property law (Laws 1896, p. 564, c. 547). The persons who take are the next of kin of the testator, and the event on which the remainders are by operation of law limited is the determination of the precedent estates, and, as we have seen supra, said life beneficiaries may take remainders vested in interest which can only vest in possession in their heirs or next of kin, their devisees, legatees, grantees, or assigns. The only possible effect, therefore, of the power of disposition conferred by the will, is to render it possible for the remaindermen to divest their own interest by the execution of said power; but it seems clear that the power is merged in or absorbed by the greater estate. Having vested remainders, they have the absolute power of disposition thereof, and their estate is not cut down by the superfluous provision of a will purporting to confer a power. Chancellor Kent said (referring to the English cases) that the weight of authority is in favor of the conclusion that such a power may subsist with and qualify the fee, although the good sense and reason of the thing is the other way, but that provision is made by the New York Revised Statutes for the extinguishment of the power in such case. 4 Kent's Com. 349. And see section 131 of the real property law; also Grosvenor v. Bowen, supra. It comes to this, then, that

under the law as it was at the time of the making of this will, and of the death of the testator and of his widow, the beneficiaries of the trusts created by him had the right to take the entire estate, notwithstanding his intention to the contrary. He could have prevented this by bequeathing remainders limited in default of the execution of the power of appointment.

The plaintiffs should have judgment in accordance with the terms of the submission. All concur.