**PHILLIPS et al. v. WISNER et al.**

(Supreme Court, Trial Term, Orange County. January 13, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 438*)—SUIT TO COMPEL ACCOUNTING—PARTIES.

An administrator with will annexed of a testatrix, who sues to compel the executor of the deceased husband of testatrix acting as executor of testatrix to account for property coming into his hands from the estate of testatrix and left unadministered, need not make the legatees under the will parties, since, if the administrator may sue, he represents the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

legatees, and, if he cannot maintain the suit, the executor of the deceased husband is the custodian of the property out of which the legacies must be paid, and he represents the legatees.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1765–1791; Dec. Dig. § 438.*]

2. WILLS (§ 616*)—CONSTRUCTION—ESTATES DEVISED—INTESTATE PROPERTY.

Testatrix gave to her husband her residuary estate for life and authorized him to sell the same as he might deem expedient, and declared that out of her estate undisposed of by the husband at the time of his death enumerated legacies should be paid. Her will contained no residuary clause. *Held*, that the husband took a life estate with the right to use the entire estate, and testatrix died intestate as to such of the estate not disposed of by the husband, and he became vested with the absolute ownership thereof on his wife's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1418–1430; Dec. Dig. § 616.*]

Action by Harriet H. Phillips and another, as administrators with the will annexed of Anna E. Comer, deceased, against Henry G. Wisner, executor of John H. Comer, deceased, and another. Demurrer to complaint sustained.

Joseph Merritt, for plaintiffs.

Murray, Ingersoll, Hoge & Humphrey, for defendants.

TOMPKINS, J. The defendant Wisner, as executor of the last will and testament of John H. Comer, demurs to the complaint, upon the grounds: First. That the complaint fails to state facts sufficient to constitute a cause of action. Second. That there is a defect of the parties defendant. The action is brought by the administrators with the will annexed of Anna E. Comer, deceased, against Henry G. Wisner, as executor of the last will and testament of John H. Comer, deceased, to compel the defendant to account for the property which came into his hands from the estate of Anna E. Comer, and left unused and unadministered by John H. Comer, her deceased husband and executor. The substance of the complaint is that Anna E. Comer died in 1906, leaving a will which was admitted to probate in New York county, on September 15, 1906, and by which she appointed her husband, John H. Comer, sole executor. After providing for the payment of her debts and funeral expenses, and after devising to her sister, the defendant Harriet H. Phillips, her family homestead in Goshen, the will provides as follows:

"Third. I give, devise and bequeath to my husband, John H. Comer, to have and to hold the same during the term of his natural life, all the rest, residue and remainder of my estate, both real and personal, of every kind and nature and wheresoever situated, and further I hereby authorize and empower him, said John H. Comer, at any time during his lifetime, to sell and dispose otherwise of any part of the same as he may deem expedient, with full power to make, execute acknowledge and deliver any and all instruments which may be deemed necessary for that purpose.

"Fourth. And of and from such of my estate as shall be left and undisposed of by my said husband at the time of his death I give, devise and bequeath as follows."

Then follow 17 specific legacies aggregating about $53,000, which are directed to be paid from "such of my estate as shall be left undis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

posed of by my said husband at the time of his death." The husband, John H. Comer, qualified as executor of the said last will and testament, and turned over to himself from the estate of the testatrix personal property aggregating about the sum of $125,000, and thereafter, and in February, 1910, died, whereupon the plaintiffs were appointed administrators with the will annexed of said Anna E. Comer, and the defendant Wisner qualified as executor of the last will and testament of the said John H. Comer.

The complaint alleges that the said John H. Comer did not, during his lifetime, use or dispose of said personal property which he received from his wife's estate, and that at the time of his death he was in possession of such personal property, and that the defendant Wisner, as the executor of his will, now has possession or control of such personal property and which plaintiffs have demanded of the defendant. The complaint also alleges that about $28,000 of the specific legacies were not paid by said John H. Comer, and still remain unpaid, and that there has never been a judicial settlement of the estate of the said Anna E. Comer, deceased. The said Anna E. Comer left no descendants, and was survived only by her said husband, and the defendant Harriet H. Phillips, her sister, who claims that she is entitled to the whole of the estate of the said Anna E. Comer, now in the hands or under the control of the defendant Wisner, which may remain after the payment of the unpaid legacies under the will of Anna E. Comer, and this action is brought for an accounting and to recover from the defendant Wisner, as executor of the will of John H. Comer, all of the money and personal property received by said John H. Comer from the estate of his wife and remaining in his possession and undisposed of at the time of his death. The will of Anna E. Comer contains no residuary clause, and makes no disposition of the remainder of her estate upon the termination of her husband's life estate, and after the payment of the specific legacies; and the main question upon this demurrer is whether she died intestate as to such remainder, and whether such undisposed of personal estate passed immediately upon her death to her husband by virtue of his marital rights, or whether the husband's representative is accountable to the plaintiffs for the remainder over after the husband's death.

[1] One ground of demurrer is that all of the legatees named in the will of Anna E. Comer are necessary parties to this action. I think not. If the plaintiff is right, and the complaint states a cause of action, then the administrators with the will annexed represent the legatees; and, if the plaintiffs cannot maintain this action, then the defendant Wisner, as executor of the husband's will, and as the present custodian of the property out of which these legacies must be paid, represents the legatees, at least is liable to them for their unpaid legacies.

[2] Upon the other and main question in the case, which is whether the remainder unused by the husband during his lifetime belongs to the plaintiffs as administrators with the will annexed of Anna E. Comer, or whether it passed to her husband immediately upon her

death, I have reached the conclusion that the defendant's contention is correct, and that the estate of John H. Comer is only liable for the unpaid legacies under the will of Anna E. Comer. It seems to me that the husband, John H. Comer, became possessed under his wife's will of all of the estate that he might use during his lifetime, and by virtue of his marital rights became immediately vested with the remainder, inasmuch as there was no residuary clause in the will and that the executor of his will can only be made to account for so much of the estate as is necessary to liquidate the unpaid legacies. In other words, that all of the Anna E. Comer personal estate not used by her husband during his lifetime must be regarded as a reversionary estate, which vested absolutely in the husband upon the testatrix's death; that as to that undisposed of personal estate she died intestate; and that the husband took it under the statute. The plaintiff's contention is that the will gave the husband only a life estate with power to dispose of the property for any purpose which he might deem expedient, for his personal wants and uses, and that he did not have any right or power to dispose of the property by will, and did not become vested at any time with the remainder by virtue of his marital rights; but the trouble with that contention, it seems to me, is that it leaves the remainder after the death of the husband and the payment of the specific legacies entirely undisposed of until the death of the husband. In other words, there would be a suspension of the vesting of the personal property not used by the husband, and not necessary for the payment of the legacies, from the death of the testatrix to the death of the husband. I think that such undisposed of personal property vested instantly in some one upon Mrs. Comer's death; that under the statute it passed to the husband; and that, as to such property, the husband was not obliged to render an account to any one unless there were unsecured debts of the testatrix. But there is no allegation in the complaint that there were or are any unpaid debts of Anna E. Comer, and it follows, if the husband was not liable to account for such undisposed of personal property, that his executor cannot be made to account for it.

Plaintiffs also claim that, because the husband was given the life estate by his wife's will, he was thereby precluded from all other interest in her estate, and was barred from asserting his marital rights in the property undisposed of by said will, and cite in support of that claim the decision of Judge Van Vorst in the case of Kearney v. Missionary Society, 10 Abb. N. C. 274. But the decision of Judge Van Vorst in that case seems to have been overruled by himself in the case of Fry v. Smith, reported in 10 Abb. N. C. 224.

In the last-named case the testatrix, after certain specific legacies, gave the residue of her estate "to my husband, Sylvanus W. Godon, and at his death, to go to my son, Fredreick W. Godon, and to his natural heirs." The son died without issue during the lifetime of the testatrix, and it was held that, under this provision of the will, the husband took only a life estate, and that the words, "to his natural heirs," in the provision for the son, being words of limitation only,

such bequest lapsed upon his death, and as to that interest, the testatrix died intestate, and Judge Van Vorst, in his opinion, says:

"I am referred by the learned counsel for the plaintiff, to the case of Kearney v. Missionary Society, decided by me at Special Term, April 9, 1879, as holding views in support of the argument he has so earnestly presented here. In that case the husband died without having administered. and the property in dispute was never in his possession or under his personal control; but, so long as he lived, the legal title and possession were in others for the purposes of the will of the testatrix. That case differs essentially from the present one on its facts. I do not think that it upholds the plaintiff's propositions; but, if it announces doctrines in opposition to the conclusions reached in this case, to that extent it cannot be followed."

And later the General Term of this court, in the case of Robins v. McClure, 33 Hun, 368, citing and commenting upon the case of Fry v. Smith, supra, said:

"On the argument the learned counsel for the plaintiff referred me to the case of Kearney v. Missionary Society, * * * also decided by Mr. Justice Van Vorst, and claimed that the decision in the latter case was antagonistic to the decision in Fry v. Smith.

"The learned justice refers to that case, in his opinion in the case of Fry v. Smith, and states as follows: 'That case differs essentially from the present one on its facts. I do not think it upholds the plaintiff's proposition; but, if it announces doctrines in opposition to the conclusions reached in this case, to that extent it cannot be followed.'

"This is a clear indication that the learned justice did not consider the case of Kearney v. Missionary Society as conflicting with his decision in the case of Fry v. Smith. In this view I also concur; but if there were any doubt upon this point, deeming as I do that the decision in Fry v. Smith is a correct exposition of the law upon this subject, I should feel bound to follow the latter case."

The opinion just quoted from was the opinion of the court at Special Term, and was adopted and quoted by the General Term as a part of its own opinion on its affirmance of the judgment rendered at Special Term, and the judgment of the General Term was affirmed by the Court of Appeals, 100 N. Y. 328, 3 N. E. 663, 53 Am. Rep. 184.

In the Matter of McLeod, 32 Misc. Rep. 229, 66 N. Y. Supp. 255, a wife who left no descendants devised and bequeathed to her husband the use of all her property, "during his natural life," and died intestate as to the rest; and the court said:

"It is now claimed by the husband that he is entitled to the personal property absolutely after the payment of the debts, funeral expenses, and the expenses of administration, and this claim is resisted by the brothers and sisters of the testatrix, who claim to be entitled to the personal property, subject to the life use of the husband.

"It seems to me that the claim of the husband must be allowed.

"The testatrix died intestate as to her entire estate. except the interest given to the husband by the will, and under the decision of the Court of Appeals, in the case of Robins v. McClure, 100 N. Y. 328 [3 N. E. 663, 53 Am. Rep. 184], and the cases there cited, particularly Fry v. Smith, 10 Abb. N. C. 224, the husband takes a life estate by virtue of the will and the remainder in the personal property absolutely by virtue of his marital rights.

"The case of Fry v. Smith, supra, is exactly parallel to the case at bar, except that in that case the testatrix attempted to dispose of her entire

estate by will, but the bequest of the remainder lapsed by reason of the death of the legatee prior to that of the testatrix.

"Courts cannot guess at the wishes of a testator, and can only attribute to him such intentions in regard to his estate as are expressed in or are necessarily to be implied from the will.

"In this case we are left without the slightest intimation of the wishes of the testatrix as to the remainder of her personal estate, for provision in a will for a person who would take a share of the estate in case of intestacy raises no implication of an intention to exclude that person from sharing the residuum undisposed of. To cut off such person it is necessary that the estate should be effectively bequeathed to another. Jackson v. Schauber, 7 Cow. 187.

"The remainder in the personal property must go according to the laws of intestacy; that is, to the husband absolutely."

These decisions in the cases of Fry v. Smith, Robins v. McClure, and the Matter of McLeod, supra, in all of which the essential facts seem quite analogous to the case at bar, are controlling and decisive of this demurrer. To the same effect are the decisions in Van Axte v. Fisher, 117 N. Y. 401, 22 N. E. 943, and Connolly v. Connolly, 122 App. Div. 492, 107 N. Y. Supp. 185.

The case of Seaward v. Davis, 198 N. Y. 415, 91 N. E. 1107, cited and relied upon by counsel for the plaintiff, does not seem to me to be authority for this action. In that case the entire remainder after the life estate was bequeathed to third parties and completely disposed of, and there was no intestacy as to the remainder.

My conclusions are that, under the will of Anna E. Comer, her husband took a life estate, with the right to use and dispose of the entire estate during his lifetime, and that the testatrix is to be deemed to have died intestate as to such of the estate not used or disposed of by her husband during his lifetime, and that the husband became vested with the absolute ownership of such undisposed of personal estate immediately upon his wife's death, by virtue of his marital rights, and that the husband during his lifetime was accountable to no one save the creditors of the testatrix, if any, and that his executor, the defendant Wisner, is accountable to no one for such of the estate of Anna E. Comer as came into his hands, except the unpaid legatees. There is no allegation in the complaint that there are any unpaid debts of creditors of the estate, and upon the argument it was conceded that there are none Hence there is nothing, for the plaintiffs to administer of the estate of Anna E. Comer; the defendant Wisner being accountable directly to the unpaid legatees. These views lead to a judgment in favor of the defendant Wisner, sustaining his demurrer to the complaint, with costs.