In the Matter of the Appraisal under the Transfer Tax Act of the Estate of LINDA Dows COOKSEY, Deceased.

ALEXANDER E. ORR et al., as Executors of and Trustees under the Will of David Dows, Sr., Deceased, et al., Appellants; OTTO KELSEY, as Comptroller of the State of New York, Respondent.

1. TRANSFER TAX — WHEN IMPOSED UPON PROPERTY PASSING UNDER POWER OF APPOINTMENT. Where a testator, who died in 1890, gave his property to his executors in trust, divided the trust estate into eight separate trusts and directed his trustees to pay to his daughter the income from one of such trusts during her life, the principal and remainder thereof, upon her death, to vest in her children, or the issue of such children, as she by her "last will and testament shall designate and appoint and in such manner and upon such terms as she may legally impose," and provided, in case she should die intestate, that such trust fund should vest absolutely and at once in her children, or their issue, share and share alike, to be paid to them in certain proportions, not to *exceed* designated amounts, as they should arrive at designated ages, until they should arrive at a certain age when the remainder of the trust fund, with all accumulations of interest and income, should be divided between them, except that such children, or their issue, should each of them receive from his or her share the entire income thereof after they became of age and during minority such sum or sums, not to *exceed* a certain amount in any year, as his or her guardian should deem sufficient for his or her education and support, the daughter's children, or their issue, could only become vested with the principal or remainder of such trust fund in case of the death of the daughter, intestate, without exercising the power of appointment, so that, when she did exercise such power in her last will and testament, they must take under the provisions of her will and cannot take under the will of their grandfather, and the transfer is liable to a tax under subdivision 5 of section 220 of the Tax Law (L. 1896, ch. 908, as amd. by L. 1897, ch. 284).

2. WHEN EXERCISE OF POWER OF APPOINTMENT IS NECESSARY, IT CANNOT BE TREATED AS A NULLITY AND THEREBY ESCAPE TRANSFER TAX. Especially is this true in a case where such daughter died, leaving a last will and testament, in which she exercised the power of appointment, provided for in the will of her father, by giving that part of her father's estate held in trust for her benefit, during her life, to her children or their issue, share and share alike, substantially following the provisions of her father's will for the vesting of such trust fund in her children or their issue, in case she should die intestate, but making material changes in the manner of

paying over the remainder to the children by fixing definitely the amount to be paid to each of them upon arriving at designated ages, thereby leaving no discretion in the trustees as to the amounts to be paid, and then vesting in the *trustees*, instead of the guardian of the children, the discretionary power to determine how much shall be used for their support and education during minority; there was a necessity, therefore, for exercising the power and it cannot be treated as a nullity, and a transfer tax avoided.

*Matter of Cooksey*, 100 App. Div. 516, affirmed.

(Argued April 13, 1905; decided June 6, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 17, 1905, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the property passing under the will of the decedent, by virtue of her exercising a power of appointment created by the will of David Dows, Sr., deceased.

The facts, so far as material, are stated in the opinion.

*Horace E. Deming* and *William Underhill Moore* for appellants. So far as the Dows residuary is concerned, there is no will but the Dows will. (L. 1896, ch. 547, § 31; Fowler's Real Prop. Law [2d ed.], 234; 2 Sugden on Powers [3d Am. ed.], 4–6; Fearne on Contingent Remainders [4th Am. ed.], 230; *Dow* v. *Martin*, 4 T. R. 65; 2 L. Raym. 1150; *Campbell* v. *Stokes*, 142 N. Y. 23.) A power of appointment in its very nature requires as an essential of its exercise that it should revoke an estate already vested and substitute either a different estate or a different recipient or both. Powers of appointment originated as a device to accomplish this very purpose. (Sugden on Powers, ch. 1, § 1; Powell on Powers, 1; Coke on Litt. 237a; Fowler's Real Prop. Law [2d ed.], 462.) The provision in Mrs. Cooksey's will formally appointing to each of her children the precise interest in her father's property that he had already given them by his will subject to her power to appoint otherwise if she saw fit, was conclusive evidence of her deliberate

intention not to disturb her father's distribution of his residuary among her children and of her desire to emphasize her satisfaction with and approval of the disposition of his property which her father had already made. (4 Kent's Comm. [14th ed.] 507; 2 Black. Comm. ch. 15, p. 241; Washb. on Real Prop. [6th ed.] § 2476; Williams on Real Prop. 181; 1 Jarman on Wills [6th ed.], 75; 1 Powell on Devises, 414; *Van Kleeck* v. *Dutch Church*, 20 Wend. 469.)

*George M. Judd* and *Edward H. Fallows* for respondent. The 2d paragraph of the last will and testament of Linda Dows Cooksey is an exercise of the power of appointment conferred upon her by the 8th paragraph of the last will and testament of David Dows, Sr. Therefore, the appointees named in said will of the donee of the power take their respective shares thereunder and not under the will of the creator of the power. (1 R. S. 732, § 74; *Matter of Moehring*, 154 N. Y. 423; Farwell on Powers [2d ed.], 275; 2 Sugden on Powers, 294; *Matter of Stewart*, 131 N. Y. 274; *Matter of Vanderbilt*, 50 App. Div. 246; 163 N. Y. 597; *Matter of Dows*, 167 N. Y. 231; *Matter of Delano*, 176 N. Y. 486.) The taxation of a transfer of property, passing under and by virtue of the exercise of a power of appointment, under the provisions contained in subdivision 5 of section 220 of the Tax Law (L. 1896, ch. 908), as added by chapter 284 of the Laws of 1897, has been repeatedly sustained by the courts. (*Matter of Vanderbilt*, 163 N. Y. 597; 50 App. Div. 246; *Matter of Potter*, 51 App. Div. 212; *Matter of Seaver*, 63 App. Div. 283; *Matter of Walworth*, 66 App. Div. 171; *Matter of Rogers*, 71 App. Div. 461.) The contention that for the purpose of the imposition of a transfer tax and within the meaning of said subdivision 5 of section 220 of the Tax Law, the property over which Linda Dows Cooksey by will exercised the power of appointment was transferred not by and under the will of Linda Dows Cooksey, but by the will of David Dows, Sr., is not sound nor tenable. (*Matter of Dows*, 167 N. Y. 231; *Matter of Miller*, 110 N. Y. 216.)

HAIGHT, J.   David Dows, Sr., died in the year 1890, leaving a last will and testament, which has been duly proved and admitted to probate by the surrogate of the county of New York.   Under the provisions of the will, after making certain specific bequests, he gives and devises all the rest, residue and remainder of his estate to his executors in trust, authorizing them to sell, convey and invest, to collect and reinvest such estate and to receive the rents, income and profits therefrom.   He then divides the trust estate into eight separate individual trusts, and from such rents, profits and income he directs his trustees to pay over to his daughter, Linda Dows, afterwards Linda Dows Cooksey, the income from one-eighth part of such trust estate during her life, and then after her decease he provides that all of such remainder shall vest in the children of such Mary Dows Cooksey or the issue of such children as she by her "last will and testament shall designate and appoint and in such manner and upon such terms as he or she may legally impose; but in case such person dies intestate then said one-eighth part of my said residuary estate which had been held in trust as aforesaid for and during the lifetime of such person shall thereupon vest absolutely and at once in his or her children him or her surviving, share and share alike, and the issue of his or her deceased children (such issue to take, share and share alike, the portion which would have been received by their parent by the terms hereof if living), to be paid to them in the proportions following, to wit, as each attains the age of twenty-one years there shall be paid to him or her a sum not to exceed fifty thousand dollars; as each attains the age of twenty-five years a further sum not to exceed one hundred thousand dollars; as each attains the age of thirty years the remainder, if any, of the share of said one-eighth part of my residuary estate with all accumulations of interest, income and profits to which he or she may be entitled, excepting, however, that said children and said issue of deceased children shall each of them receive from his or her respective share of said one-eighth · part of my said residuary estate which is

herein provided shall vest in said child or said issue of a deceased child the entire income from and after he or she shall have attained the age of twenty-one years and during the minority such sum or sums not to exceed five thousand dollars in any one year, as in the judgment and discretion of his or her guardian may seem right and proper for the maintenance, education and support of such child or said issue of a deceased child."

Linda Dows Cooksey died in the city of New York on the 7th day of March, 1903, leaving a last will and testament which has been duly proved and admitted to probate, in which she exercised the power of appointment provided for by the will of her father, by giving and devising the one-eighth share of the residuary estate of her father held in trust for her benefit during life to her then living children and the issue of any such child as should be deceased, share and share alike, the issue of a deceased child to take their parents' portion, substantially following the provision made in the will of her father for the vesting of such estate in her children in case she should die intestate and without exercising the power of appointment; but as to the time payments should be made to them she provides that upon each child attaining the age of twenty-one years there shall be paid to him or her the sum of fifty thousand dollars, and upon arriving at the age of twenty-five years the further sum of one hundred thousand dollars, and upon attaining the age of thirty years the remainder, if any; thus depriving the trustees of the right to exercise any discretionary power as to the amount of such payments; and by another provision relating to the determination of the amount that shall be used for the support and maintenance of her children during their minority she gives the same to the trustees under her will instead of to the guardian of the children, who was the person authorized to exercise such discretion under the will of her father.

Under the Real Property Law a power "is an authority to do an act in relation to real property, or to the creation or

revocation of an estate therein, or a charge thereon, which the owner, granting or reserving the power, might himself lawfully perform." (Laws of 1896, ch. 547, § 111.) This provision applies also to powers concerning personal property. (*Matter of Moehring*, 154 N. Y. 423.) Under the will of David Dows, Sr., the power of appointment given to his daughter, Mrs. Cooksey, was limited to her children and the issue of any of her deceased children, so that it became a special power in trust under section 115 of the Real Property Law.

Section 220, subdivision 5, of the Tax Law (Ch. 908 of the Laws of 1896, as amended by ch. 284 of the Laws of 1897) provides as follows: "Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

So that, under the provisions of this statute, when Mrs. Cooksey exercised the power of appointment under the will of her father we must, for the purposes of the transfer tax, deem the property transferred under the power, to which the appointment relates, as having belonged absolutely to her and bequeathed or devised by her under her will. Under the will of David Dows, Sr., the residuary estate, as we have seen, was vested in his executors, as trustees, and so remained vested until the death of the life tenant, at which time he provided that the same should at once vest absolutely in such of the children or the issue of such children of the life tenant as he or she, by his or her last will and testament, should designate and appoint. It was only in case of the failure of a life tenant to appoint, by dying intestate, that he vested the remainder in the children of such life tenant. The specifically vesting of the estate in the

executors during the continuance of the trust; and then upon the death of the life tenant vesting it in such children as the life tenant appoints, and then in the absence of the exercise of the power of appointment the vesting of the estate in the children surviving we think indicates a purpose on the part of the testator to include all of such children, whether in being at the time of his death or after born. Under the provisions of this will the children can become vested with the remainder only in case of the death of Mrs. Cooksey intestate, without exercising the power of appointment. In other words, if she did exercise the power of appointment in her last will and testament they must take under the provisions of that will and cannot take under the will of their grandfather, and in proving their title to such estate they would have to produce and put in evidence the will of their mother showing the exercise by her of the power.

Again, as we have seen, under the will of Mrs. Cooksey, in exercising the power of appointment she made material changes with reference to paying over the remainder to her children from that incorporated in the will of her father. While each of her children may ultimately receive the same amount, yet she, by her will, fixes definitely the amounts that shall be paid to each of her children upon their arriving at the ages of twenty-one and twenty-five years, leaving no discretion in the trustees as to the amounts that shall be paid over to them, and then vests in the trustees the discretionary power to determine how much shall be used for the support and education of the children during their minority. It appears to us, therefore, that there was a necessity for exercising the power, that it cannot be treated as a nullity, and that, therefore, the transfer tax under the statute was properly assessed.

In *Matter of Dows* (167 N. Y. 227) we had under consideration the same provisions of the will of David Dows, Sr., that we have in this case. In that case David Dows, Jr., had died leaving a last will and testament, by which he had exercised a power of appointment given him by the will of

his father, in favor of his three sons.   To each of his sons he gave the income. of three undivided forty-eighths until his son Robert attained the age of twenty-one years or sooner died; of four forty-eighths until Robert attained twenty-five years or sooner died, and nine forty-eighths until Robert attained the age of thirty years or sooner died; thus each son was given the income of sixteen forty-eighths or one-third of the property.   Upon Robert arriving at the age of thirty years or in case of his sooner death, the life estates terminated and the principal was given to the sons in such manner that each received one-third of the property absolutely. In that case the power of appointment differed from that of the provision made by the will of David Dows, Sr., as to the manner of payment only; each of the grandchildren received an equal amount and yet we held that the power was properly exercised and that the transfer tax was correctly assessed.

The order should be affirmed, with costs.

Cullen, Ch. J., O'Brien, Bartlett, Vann and Werner, JJ., concur; Gray, J., absent.

Order affirmed.