In the Matter of the Estate of ANNE BISHOP, Deceased.

Surrogate's Court, New York County, March 3, 1926.

Wills — construction — will creating trust for benefit of daughter of testatrix directed that upon daughter's death said estate " shall go to my lawful heirs at law "— testatrix intended all persons answering description of " heirs at law " at date of daughter's death should take remainder — words " heirs at law " not used by testatrix in strict legal sense — illegal provisions of trust may be disregarded.

Testatrix, who, after creating a trust for the benefit of her daughter, with a direction that upon said daughter's death, leaving no lawful issue, the residuary estate " shall go to my lawful heirs at law," intended that upon the death of said daughter the remainder should vest in those persons answering the description " lawful heirs at law " living at the date of the death of said daughter, particularly where the care with which testatrix sought to preserve the property from the possession of her daughter by making all provisions in her favor void in the event of contest, negatives any contention that testatrix intended to use the words " heirs at law " in their strict, legal sense; testatrix intended that those persons who would succeed to all of her property had she died intestate immediately after her daughter, should take the remainder.

Notwithstanding the invalidity of an alternative provision for the gift of the income of the remainder of the estate to her daughter's issue, in the event she left issue, the trust provision for the payment of the remainder to the lawful heirs at law upon the death of said daughter without issue is, in itself, legal and may be retained; it may be separated from the illegal provisions which must be disregarded.

PROCEEDING for an accounting which involves the construction of a will.

*Chamberlain, Kafer & Wilds,* for the petitioner.

*Hancock, Dorr, Spriggs & Shove,* for the temporary administrator.

*Francis P. Page,* for Philip Laverick.

*Rounds, Dillingham, Mead & Neagle,* for Mary Letitia Ching and others.

Misc. 722]     Surrogate's Court, New York County, March, 1926.

O'BRIEN, S.    This is an accounting proceeding which involves a construction of the will of the testatrix.    Her will disposed of her residuary estate as follows:

" *Third.* All the rest, residue and remainder of my estate, whether real, personal or mixed and of whatever name or nature and wherever situate and of which I may die seized, possessed, or entitled to, I give, devise and bequeath unto my executors and trustees hereinafter named in trust nevertheless to lease or sell and dispose of the same and to invest the proceeds thereof and keep the same invested upon first mortgage security in the cities of New York and Brooklyn in this state and to collect all rents and income arising therefrom and to pay over the same unto my said dear and only child and daughter Amelia E. Utter, wife of Ralph Utter during her natural life and upon her death leaving no children or their descendants her surviving then said residuary estate shall go to my lawful heirs at law.

" Should my daughter, however, die leaving lawful issue, then the income from said residuary estate shall be paid to such issue until the majority of the youngest child, at which last named period, said residuary estate shall be equally divided among them, if one the whole, if more than one, share and share alike forever.

" Should however all the issue of my said daughter die before reaching twenty-one years of age, then said residuary estate to go to my heirs at law."

Testatrix died September 9, 1897.    Her daughter Amelia E. Utter (now Amelia E. Horning), the life beneficiary, died on June 4, 1924.    Thus, the trust created for her benefit has terminated. The First Trust and Deposit Company has been appointed temporary administrator of her estate.    She left no issue but was survived by her husband, Fred Horning.    The question which now arises is, who is entitled to the remainder of the trust estate, viz., what was the intention of testatrix when she used at the end of the first section of said paragraph the term " lawful heirs at law," and did she intend the remainder to vest in the " lawful heirs at law " living at the date of her death, or in those persons answering that description living at the date of the death of her daughter, the life tenant.    If the remainder is held to have vested at the date of the death of Mrs. Bishop, then the temporary administrator of the estate of Mrs. Horning, who was the only next of kin and heir at law living at that time, is entitled to the entire fund.    If, on the other hand, the remainder vested upon the death of Mrs. Horning, then the fund is distributable under our statutes one-third to Mary Ching, a grandniece of Mrs. Bishop, another one-third in equal shares to the six children of James

Laverick, a deceased grandnephew of Mrs. Bishop, and the remaining third to Alfred J. Ching and Florence Baker, children of Frederick S. Ching, another deceased grandnephew of Mrs. Bishop. In solving these questions, (1) the circumstances surrounding the execution of the will and the situation existing at decedent's death, and (2) the language of the will are very helpful. In the first place, the will was executed on July 18, 1885. Mrs. Bishop died two years later. Six days prior to her death she executed a codicil which confirmed her original will in all respects, except that it changed the amounts of two legacies. Now, Mrs. Horning was then about forty-seven years of age and was living with her second husband, Ralph Utter. She subsequently married Fred Horning, her third husband. At no time did Mrs. Horning have any issue. That the probability of her having any issue was very remote must have been manifest to testatrix both at the time of the execution of the will and of the codicil. Moreover, she knew and fully realized that Mrs. Horning was her only next of kin and heir at law as is evidenced by the reference in the will to " my said dear and only child and daughter, Amelia E. Utter, wife of Ralph Utter." In the face of these facts, she provides that the remainder of the trust estate " shall go to my lawful heirs at law," using the plural " heirs." Another salient fact disclosed in the will is that testatrix ties up her estate during the lifetime of said only child, next of kin and heir at law so that the income alone might be paid to her, and more than that she makes provision to frustrate any attempt upon the part of said daughter to procure a further interest in her estate by the following paragraph: " *Fifth.* In case my said daughter Amelia E. shall contest the probate, validity or any of the provisions of this my will, all provisions made for her herein shall be void and of no effect and she shall derive no benefit whatever under this my will."

In addition to the foregoing and confirming the argument is the idea of futurity contained in the words " then said residuary estate shall go to my lawful heirs at law." Thus, I am led to the conclusion that when testatrix used the term " heirs at law " she had in mind the persons answering that description at *the date of the death of the life tenant* and not at the date of her own death. As pointed out by Judge CHASE in the case of *Salter* v. *Drowne* (205 N. Y. 204), involving a similar will and circumstances, where a similar determination was arrived at, " the important question for consideration is whether the testatrix by using in her will the words ' heirs at law ' and the words ' next of kin ' intended to convey the strict and primary meaning of such words, viz., the persons who, in case of intestacy, would at the moment of her

death succeed to her real and personal property or whether she used such words as they are not infrequently used, intending thereby the persons that would succeed to her real and personal property if she had lived until the time for the distribution of the trust funds respectively and had died intestate a moment thereafter, viz., immediately after the death of her daughter, the plaintiff herein. *The intention of the testatrix, so long as it is not contrary to some statute or to public policy, must govern.* *   *   *"

The court there further held: "The testatrix lived nine years after the death of May Florence, during which time the chances of other descendants being born were almost as remote as they are at the present time, but the will was left unchanged. In each of the trusts every contingency other than a distribution or conveyance of the principal of the trust fund or property to collaterals is provided for by the will. The purpose of the testatrix to provide for persons other than the plaintiff and the descendants of the testatrix is plain, and her use of the words as stated should be construed in accordance with her apparent intention, viz., that the distribution and conveyance be made to those that would have been her heirs at law and next of kin had she died intestate immediately after the plaintiff. The care with which she sought to preserve the property from the possession of her daughter negatives any claim that she intended to use the words 'heir at law' and 'next of kin' in their strict and primary meaning." That case is controlling here. Furthermore, I hold that the words "heirs at law" as used by testatrix were not used in their strict legal sense, but to indicate persons who would succeed to *all* of her property had she died intestate immediately after her daughter. (*Lawton* v. *Corlies*, 127 N. Y. 100; *Doctor* v. *Hughes*, 225 id. 305, 313.) It is also claimed by the temporary administrator of Mrs. Horning's estate that the alternative provision for the gift of the income of the remainder to her issue in the event that Mrs. Horning left issue, invalidates the entire trust provision. Since, however, the provision for the payment of the remainder to the lawful heirs at law upon the death of Mrs. Horning without issue is in itself legal, it may be separated from the other alternative illegal provisions and retained, and the illegal provisions disregarded. (*Matter of Colegrove*, 221 N. Y. 455; *Matter of Trevor*, 239 id. 6.)

Submit a decree construing will and settling account accordingly.