In the Matter of the Estate of JAMES K. HACKETT, Deceased.

Surrogate's Court, New York County, August 11, 1927.

Executors and administrators — accounting — directions as to payment of expenses and legacies from personalty and real estate — trusts — trust deed set up fund for testator for life and provided for payment of one-half of income after death to widow and one-half to daughter for one year — will devised two-thirds of said fund in trust for wife — difference between one-half and two-thirds is invalid as unlawful suspension of power of alienation — payment of general legacies suspended until funds are available — other instructions given.

The testator by deed of trust set up a fund for the benefit of himself for life and provided that upon his death the principal should be divided into two equal parts and the income from one part paid to his widow for one year and the income from the other part paid to his daughter for the same period, and that at the expiration of that time or upon the deaths of the widow and daughter the principal should be paid to the testator's executors. The testator devised the same sum in trust but provided that two-thirds of the principal should be set up as a trust for the benefit of his widow. The testator made certain specific bequests. Upon his death his general estate was found to consist of household furniture, etc., and four parcels of real estate.

The funeral expenses, debts, administration expenses and inheritance taxes must, in view of the fact that the testator left no personalty not specifically bequeathed,

be paid out of the principal of the trust when that comes into the hands of the executors upon the termination of the deed of trust.

Certain legacies which are given preference must be paid without abatement and likewise specific bequests must be satisfied.

That part of the trust for the benefit of the widow which is represented by the difference between one-half of the principal set up in the deed of trust and two-thirds of the same principal created as a trust by the will, is invalid and unlawfully suspends the power of alienation, since as to that part alienation is suspended for the life of the testator, the life of his daughter and the life of the wife. As to the income from one-half of the principal there is no unlawful suspension because the will is simply a continuation of the trust established by the deed of trust.

After the payment of the debts, administration expenses, inheritance taxes and preferred legacies and the setting up of the trusts, there will be no assets from which general legacies may be presently paid. The payment of the general legacies, therefore, is suspended until such time as funds come into the estate.

A bequest of the income of one-twenty-fifth of the personal estate to a third person for life is invalid because the principal of the trust fund established by the trust deed from which this income must be paid has been held for two lives in being and no portion of it can be held for or during another life. ·

No part of the residuary estate can be used for the payment of general·legacies until the preferred legacies to the widow and daughter have been satisfied. The diminution of the widow's and daughter's legacies by the payment of debts, etc., must be made up out of the residuary, when available, before any part thereof is paid to the general or residuary legatees.

A request that the executors expend a reasonable sum for the removal of the remains of certain relatives from a cemetery must be complied with as soon as funds are available for the payment of debts, funeral and administration expenses, inheritance taxes and legacies.

PROCEEDING for construction of will.

*Olcott, Olcott & Glass,* for the executors.

*Ernst & Gale,* for William F. and Charlotte Muenster.

*J. C. & B. F. Weadock,* for Mrs. Hunter.

*Coudert Bros.,* for Beatrice M. Hackett.

*B. F. Weadock* and *Alfred Hayes* of counsel.

*Rounds, Dillingham, Mead & Neagle,* for Dorothea Z. Crowe.

*Beck, Crawford & Harris,* for Archibald Flower.

*Paul N. Turner,* for Actors Equity Association.

O'BRIEN, S. This proceeding has for its purpose the construction of decedent's will. He died November 8, 1926. He left him surviving his wife, Beatrice Mary Hackett, and a daughter by a former wife, Elise M. K. Hunter, and no other heirs or next of kin. In March, 1915, testator made three separate deeds of trust. In one he set aside personal property of the present value of $700,000 in trust, with a provision directing the payment of the income to

MATTER OF HACKETT. 341

Misc. 339] Surrogate's Court, New York County, August, 1927.

himself for life, and on his death the division of the principal into two equal parts, the income of one part to be paid to his widow for one year and the income of the other part to his daughter for a similar period. At the expiration of one year or upon their deaths before that time the corpus is to revert to his estate to be distributed under his will, and in default of a will to be paid to his administrator to be distributed as in case of intestacy. By another deed he set aside personal property of the present value of approximately $125,000 in trust, with a provision directing that the income be paid to his wife for life and that at her death the principal revert to his estate to be distributed under his will and that in default of a will it be paid to his administrator for distribution as in case of intestacy. By the third deed he set aside personal property of the present value of approximately $22,500 in trust with the provision that the income be paid to Madelaine Clancy for life and that at her death the principal be paid over to his executors or administrators to be disposed of as part of his estate in accordance with his will and that if he die intestate it be distributed among his next of kin as in case of intestacy.

*The general estate of the testator consisted at the time of his death of household furniture, paintings, etc., valued at about $12,700 and four parcels of real estate, the value of the equity in which is about $90,000.*

Testator devised all his real estate to his trustees, in trust, to pay over the entire net income to his widow, Beatrice Mary Hackett, for life, and at her death one-half of the remainder to any child of their marriage, or in default of children to five specifically named organizations and the other one-half of the remainder to her appointees by her will. His personal estate the testator bequeathed as follows: (1) $5,000 to his widow; (2) one-twentieth of the appraised value of his personal estate also to his widow; (3) all books, furniture, scenery, jewels and other personal effects not otherwise specifically bequeathed to his widow; (4) the income for life from one-twenty-fifth of his personal estate at its appraised value, but not to exceed $30,000, to William F. Muenster and upon his death to his sister, Charlotte A. Muenster, and if not living then such one-twenty-fifth to revert to his residuary estate; (5) the principal of the trust created by his deed of trust for his own benefit for $700,000 to his trustees under the will to be applied and distributed as follows: (a) The income from two-thirds thereof to his widow for life and upon her death one-half of the principal of said two-thirds to any child or children of their marriage and in default of children said one-half of two-thirds share to certain designated organizations in specified amounts. The testator makes

no disposition of the other one-half of the principal of the two-thirds trust fund upon the death of his wife; (b) the remaining one-third of the income of said trust fund he directs to be paid to his daughter for life with remainders over; (6) the principal of the trust fund of $125,000 created by the trust deed for the benefit of his wife as follows: One-half thereof to such persons as his wife, Beatrice Mary Hackett, shall by her last will appoint, and the other one-half in further trust to his trustees, the income to be paid to his wife's mother for her life and upon her death the principal to the National Memorial Theatre of Stratford-on-Avon for specified purposes; (7) the following general legacies: (a) $6,000 to his widow for a burial plot and monument; (b) $7,500 to his secretary, Dorothea Z. Crowe; (c) $3,000 to his valet, Herbert Moore, if still in his employ at the time of his death; (d) $1,000 to the Junior High School, No. 69, Manhattan, New York city; (e) $2,000 to the College of the City of New York; (8) he specifically bequeathed a watch to his daughter and certain books and ledgers to the Association of the Bar of the City of New York, and finally he bequeathed all the rest, residue and remainder of his property not otherwise effectually disposed of, including any and all reversions, remainders, accumulations, powers of appointment and other properties over which he had the power of disposition by will, in trust, to his trustees to pay two-thirds of the income to his widow for life and at her death one-half of such two-thirds to children of their marriage and the other one-half of such two-thirds to five specifically named organizations and one-third of the income to his daughter for life with remainders over upon her death. He directed that all the legacies and provisions in the will for the benefit of his widow were to be in lieu of dower and all other interests in his estate. He further directed that the debts, funeral and testamentary expenses and inheritance taxes be paid out of his residuary estate. *The debts alone of the testator amount to about $140,000.*

The questions raised herein are disposed of as follows: (1) I hold that the funeral expenses, debts, administration expenses and inheritance taxes should be paid (in view of the fact that there is no personalty in the estate, except that which was specifically bequeathed) out of the corpus of the trust of $700,000 which becomes payable to the executors of the estate at the termination of one year from the date of death of the testator. (2) The bequest of $6,000 to the testator's wife to purchase a plot and for the erection of a monument up to the sum of $2,500, may be paid in full for the purposes specified. The responsibility for the expenditure of $2,500 is placed on the widow, and for the balance of $3,500 on the executors. If the total cost of the burial plot and monument

MATTER OF HACKETT. 343

Misc. 339]     Surrogate's Court, New York County, August, 1927.

is less than $6,000, the balance will fall into the residuary estate. (3) The legacy of $5,000 to the testator's widow and one-twentieth of his personal estate are given preferment by the 6th clause of the will and are to be paid without abatement. (4) The legacy to the widow of books, household furniture, etc., mentioned in the 6th paragraph of the will is a specific bequest and not subject to abatement. (5) The gift of a watch to the testator's daughter is a specific bequest and must be satisfied. (6) No part of the real estate is liable for the payment of debts or administration expenses, the personalty in the estate consisting of the corpus of the trust fund of $700,000 being sufficient for this purpose. (7) The provision of the 7th paragraph of the will as modified by the codicil, that the widow of the testator be paid two-thirds of the income of the corpus of the trust fund of $700,000 for life, unlawfully suspends the power of alienation as to part of such trust fund and, therefore, violates our statute against perpetuities in this wise. In considering the lives during which power to alienate is suspended the will and codicil must be read as part of and in connection with the deed of trust. After testator's death the fund has already been held for one life; from his death the trust deed continues the suspension of the power to alienate as to one-half *for one year or for the life of the daughter* (should she die during that year) and as to the other half, *for one year or for the life of the wife* (should she die during that year). Now, had the will and codicil in providing for the continuation of a trust in the same fund used the same fraction in distributing the income from the time of the termination of the trust created by the trust deed as was used in said deed, viz., one-half, the will and the trust deed together would not provide for the suspension of alienation for more than two lives, to wit, the life of testator, and the life of the widow as to one-half, but testator by will and codicil makes a different distribution of the income of said fund, viz., two-thirds to wife and one-third to daughter. The effect of this provision is that the difference between the one-half and one-third of the fund is suspended for three lives, the life of testator, the life of the daughter and the life of the wife. As to one-sixth of this trust fund, therefore, this provision is invalid, and said one-sixth passes into the residuary estate. As to the rest of said trust fund, viz., five-sixths, the statute is not violated. The power reserved in the trust deed did not effect a reversion of the fund to the estate of testator, but created a power of disposition by will in the nature of a power of appointment. (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Fargo* v. *Squiers*, 154 id. 250.) The execution of the power dates from the trust deed, the instrument creating the power. As to

one-half of the income to be paid to the widow for life, there is
no unlawful suspension because under the provisions of the trust
deed the whole income is paid to the testator for life and one-half
thereafter to the widow.  The continued payment to her up to
one-half of the income, provided by the will and codicil, is not in
contravention of the statute against perpetuities, as it is not for
an additional life.  The same reason is applicable to the provision
for the payment of one-third of the income of the trust fund for
the daughter for life.  (8) The trusts for the benefit of the testa-
tor's widow and his daughter under paragraph 7 of the will as
modified by the codicil are preferred bequests and must be paid
or set up before general legacies are paid.  (9) After the payment
of the debts, administration expenses, inheritance taxes, the pre-
ferred legacies to the widow and the setting up of the trusts for
the benefit of the widow and daughter under paragraph 7 as modified
by the codicil, there will be no assets from which general legacies
may be presently paid.  They will, therefore, abate until such
time as funds come into the estate available for their payment.
(10) Upon the death of the widow one-half of the remainder of the
trust fund of $125,000 created by the trust deed for her benefit
passes to her appointees by her will as a preferred legacy.  The
other one-half passes as a general legacy.  (11) Upon the death of
Madelaine Clancy the corpus of the trust held for her life will pass
into the residuary estate under the terms of the will.  (12) The
bequest of the income of one-twenty-fifth of the personal estate
to William F. Muenster for his life and upon his death to his sister
if living is invalid because the principal of the trust fund of
$700,000 from which this income would be paid has already been
held for the life of the testator, and his wife or daughter under the
terms of the deed of trust, and as set forth in the above construction
of paragraph 7, no portion of it can be held for or during another
life.  (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Fargo*
v. *Squiers*, 154 id. 250.)  Such bequest, therefore, passes into the
residuary estate.  (13) No part of the residuary estate will be avail-
able for the payment of the general legacies until the legacies to the
widow and daughter have been satisfied in full.  The diminution of
the widow's and the daughter's legacies by the payment of the
debts, administration expenses and taxes must be made up out
of the residuary when available before any part thereof is paid
to the general or residuary legatees.  (14) The disposition of the
share in the corpus in which the daughter is given the income
by the 7th and 14th paragraphs of the will and paragraphs 2
and 3 of the codicil is clearly set forth in said paragraphs except
so far as the *contingency that she shall die after reaching the age*

MATTER OF ELY. 345

Misc. 345]    Surrogate's Court, New York County, August, 1927.

*of twenty-one with issue is concerned.* From the language used in said paragraphs it is a fair inference that testator intended that in such an event the remainder shall pass to her issue. (15) The powers of appointment given by the will to the widow and daughter of testator are valid. (16) The discretion given to the executor by the 18th paragraph of the will with reference to charging expenditures as between principal and income must be exercised by the executor subject to the rules, practices and decisions of the court regulating these matters. (17) The request of the testator that the executors expend a reasonable sum for the removal of the remains of certain of his relatives from their present resting place to Woodlawn Cemetery should be complied with if and when funds are available after the payment of debts, funeral and administration expenses, inheritance taxes and legacies. (18) There is no present necessity for the determination of the other questions as to which instructions are requested. The interpretation of the provisions of the will affecting these matters is reserved until the termination of one or more of the trusts, when a construction may be had in the light of the situation then presented. Submit order on notice construing the will and codicil in accordance with this decision.