In the Matter of the Construction of the Will of MARY C. THOMPSON, Deceased.

WILLIAM R. CLARK et al., Appellants; EMORY W. CLARK et al., Respondents.

First Department, June 21, 1948.

*John W. Davis* of counsel (*Otis T. Bradley, Laurence D. Kieran* and *Andrew Y. Rogers* with him on the brief; *Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for appellants.

*Joseph M. Hartfield* of counsel (*Dudley Miller* and *Webster Sandford* with him on the brief; *White & Case,* attorneys), for Emory Wendell Clark, respondent.

*Leslie D. Dawson* of counsel (*Roy C. Gasser* and *Sidney W. Davidson* with him on the brief; *Gasser, Hayes & Davidson,* attorneys), for Lucie Wing Clark, respondent.

VAN VOORHIS, J. The will of Mary Clark Thompson, who died a resident of the county of New York on July 28, 1923, gave the income from one half of the residue of her estate under the eighteenth paragraph to trustees " to collect the income thereof and pay over semi-annually to Emory Wendell Clark, during his life, and upon his death to pay over the principal to his executors or administrators, provided he leave a child or children, not adopted, living at the time of his death, but in case he should die without leaving any child or children of his own, not adopted, to pay over the principal of said part, share and share alike, to Vassar College, in Poughkeepsie, New York; to Williams College, in Williamstown, Massachusetts, and to Teachers College in the City of New York."

The petitioner herein is Emory Wendell Clark, the income beneficiary, who applies for a construction of said will of Mary Clark Thompson determining the nature and extent of his interest, if any, and the nature and extent of the interest, if any, of his children in the principal of said trust fund in the event that a child of his, not adopted, survives him.

The three colleges which are contingent remaindermen are not involved in this controversy.

What petitioner seeks to ascertain by judicial construction of his aunt's will, to enable him to make proper disposition of his own property on his death, is (1) whether the corpus of said trust fund passes through his estate at the time of his death, so as to be subject to his debts and administration expenses and to taxation as a part of his estate, and (2) if not, then whether his authorization to dispose of the corpus by his will, in the event of his leaving a natural child or children, should be held to be a general power of appointment in that contingency, enabling him to direct that the corpus should go to any person or persons, or a special power of appointment limited to being exercised for the benefit of the child or children of his body surviving him.

The Surrogate has adjudged by the decree appealed from, " that it was the intent of said testatrix, Mary Clark Thompson, that upon the death of Emory Wendell Clark, the petitioner, leaving him surviving a child or children, not adopted, the principal of the trust fund created for his benefit under Paragraph Eighteenth of her Last Will and Testament will be payable to the Executor of the Will of the petitioner, if he dies leaving a Will, or to the Administrator of his estate, if he dies without a Will, in their representative capacities as such, to be administered by said Executor or Administrator, as the case

may be, as if the principal of said trust fund were owned by the petitioner at the time of his death ".

The effect of this determination that petitioner's executors or administrators will receive the corpus " in their representative capacities as such  *  *  *  as if the principal of said trust fund were owned by the petitioner at the time of his death ", is to construe the testatrix' intention to have been that the remainder of this trust, of which petitioner is the lifetime income beneficiary, should become part of his estate upon his death, subject to all liens and obligations with which his estate may be charged.

Implicit in the decision of the learned Surrogate is a determination that the testatrix, by her will, as of the date of her death, meant to give to petitioner a vested remainder (subject to divestment if all of his children should predecease him) in the principal of the trust assets from which he is to receive the income during his life. Such a disposition has been assumed to be possible (*Connolly* v. *Connolly,* 122 App. Div. 492) but thought to be improbable unless the language of the will compels it (*Howland* v. *Clendenin,* 134 N. Y. 305, 310). In the latter case it was stated in an opinion written by FOLLETT, Ch. J.: " Undoubtedly a testator, without violating any rule of law, could give an estate to trustees with directions to collect the income and pay it over to a beneficiary, and upon the death of the latter, the trust estate to sink into, and become a part of the estate of the beneficiary, but so far as we know, no will, which in express terms has so disposed of property, has been brought to the attention of the courts, and the fact that such a provision is very unusual does not aid us in coming to the conclusion that such a disposition was intended by the testator."

We think that it was not the purpose of decedent herein thus to impose upon her nephew the burdens without the advantages of ownership of the principal of this large fund. It is noteworthy that petitioner, although entitled to receive the income for life, is not given even a possibility, dependent on the happening of any contingency, of beneficial ownership in the principal. The most that he is allowed is a power to dispose of it on his death. A future estate is rarely created in one in whom it can vest in possession only during the future life. An expectant estate ordinarily involves an expectancy possible of realization in this life. This remainder could not, by the words of its creation, vest in possession or enjoyment in petitioner while he is alive.

This is not a situation where a life use and a remainder inhere in the same individual, where the life beneficiary is also a distributee and takes by intestacy or is an heir and the remainder goes to the class of which he is a member (*Doane* v. *Mercantile Trust Co.,* 160 N. Y. 494, 500; *Security Trust Co. of Rochester* v. *Bradley,* 179 Misc. 338; *United States Trust Co.* v. *Taylor,* 193 App. Div. 153; *Matter of Hilliard,* 164 Misc. 677, 694). Even in such situations courts have readily found to the contrary where the expression of intent was not positive and sure (*Matter of Bishop,* 126 Misc. 722, affd. 219 App. Div. 711; *Toerge* v. *Toerge,* 9 App. Div. 194; *Howland* v. *Clendenin,* 134 N. Y. 305, *supra*).

Since it was not the intention of the testatrix to give to her nephew the principal of this trust after he shall have died, the conclusion follows that her direction that upon his death, leaving a child or children, not adopted, him surviving, the principal be paid over " to his executors or administrators ", conferred a power upon petitioner, in such event, to appoint by his will those persons who should take as beneficiaries of the testatrix Mary Clark Thompson. If petitioner were to die without a will, Mrs. Thompson's testamentary intention was that the remainder would pass to petitioner's heirs at law and next of kin or, as they are now described, distributees. In either instance, the corpus was to be the gift of said testatrix Mary. Clark Thompson, and not of the petitioner, to those persons in whom it is to vest in possession or enjoyment.

In order to carry this design into effect, petitioner's executors or administrators are mentioned in Mrs. Thompson's will, not as taking in their representative capacities as the personal representatives of petitioner, as the learned Surrogate has held, but as a conduit for the transmission of the gift from the testatrix to its ultimate destination. Perhaps it would be more accurate to say that petitioner's executors or administrators are mentioned in order to furnish a guide, by an abbreviated form of words, to direct the gift to its ultimate destination. This appears clearly from her testamentary plan as outlined in her will.

In *Chase National Bank* v. *Central Hanover Bank* (265 App. Div. 434) which involved a clause in a separation trust agreement that upon the death of the wife the trustee is to transfer securities to the wife's " Executor or Executors ", the court said (p. 445): " The executors of Mrs. Clark take no interest whatever in these gifts. (*Hirsch* v. *Bucki,* 162 App. Div. 659; *Matter of Walbridge,* 178 Misc. 32.)

" While the instrument creating the power of appointment requires that the appointive estate shall be paid to the executor of Estelle P. Clark, it is clear (reading the instrument as a whole) that it was the intention that Mrs. Clark have unlimited power to name appointees. Her executors *were merely intended to be the conduit through which the appointed property would pass to such appointees.* Accordingly, we direct that the judgment be modified so as to provide that the sums referred to in the ninth article be paid to Mrs. Clark's executors solely for transmission to the persons mentioned therein." (Italics supplied.)

At the least it was intended to be the function of petitioner's executors or administrators, by probate or administration proceeding taken in connection with his estate in the Surrogate's Court, to establish the persons and the proportions in which they will be entitled to partake of her bounty directly from Mrs. Thompson.

" No form of words is requisite to create a power." (*Hubbard* v. *Gilbert*, 25 Hun 596, 599.) " A power is an authority to do an act in relation to real property, or to the creation or revocation of an estate therein, or a charge thereon, which the owner, granting or reserving the power, might himself lawfully perform." (Real Property Law, § 131.) This is applicable, of course, to personal property. (*Matter of Cooksey*, 182 N. Y. 92.) A power may arise by implication, as is illustrated by the following cases decided on more or less similar facts. (*Pennsylvania Co. for Insurances* v. *Stauffer*, 58 N. Y. S. 2d 911, affd. 271 App. Div. 864, affd. 297 N. Y. 633; *Drake* v. *Pell*, 3 Edw. Ch. 251; *Matter of City Bank Farmers Trust Co.* [*Spencer*], 69 N. Y. S. 2d 235; *Matter of Hackett*, 130 Misc. 339; *Chase National Bank* v. *Central Hanover Bank*, 265 App. Div. 434, *supra*.)

In the first two of the cases just cited, a direction that a remainder should go to the " devisees " of another was held to create in such other a power of appointment by will. In the third case cited, a disposition of a remainder at the end of a secondary life estate to the grantor's " executors and trustees, if any, as a part of my residuary estate " was held not to retain in the settlor a reversionary interest in the corpus of the fund, but merely a testamentary power of appointment. The fourth case cited is to similar effect. The last case has already been mentioned.

Comment f to section 323 of the Restatement of the Law of Property (Future Interests Parts 3 & 4) reads as follows: " *f. Powers created by implication.* In limitations which con-

tain no grant of a power in specific language, the form of a gift over after a life estate may be such as to manifest an intent that the life tenant should have the power to dispose of the remainder.''

In 4 Kent's Commentaries, page 319, the author states: '' No formal set of words is requisite to create or reserve a power. It may be created by deed or will; and it is sufficient that the intention be clearly declared. The creation, execution, and destruction of powers, all depend on the substantial intention of the parties; and they are construed equitably and liberally in furtherance of that intention.''

The cardinal rule in the construction of wills is to arrive at the intent of the testator as expressed in the instrument in the light of the surrounding circumstances (*Matter of Hayes,* 263 N. Y. 219). To this end words of gift to '' executors or administrators '', '' issue '', '' descendants '', '' heirs at law '', '' children '', '' parents '', and the like, have been variously construed depending on the context (see Words and Phrases).

It remains to consider the question whether the power in Mrs. Thompson's will which is conferred upon petitioner is a general power of appointment, or a special power limited to his child or children on whose survival it is conditioned. The language of the will is that upon petitioner's death the trustees are to pay over the principal to petitioner's '' executors or administrators, provided he leave a child or children, not adopted, living at the time of his death, but in case he should die without leaving any child or children of his own, not adopted,'' the remainder is to go to the three colleges mentioned.

It is certain that testatrix granted a power of appointment to petitioner only if he should be survived by at least one of his own children. The stress which testatrix laid upon this condition, and the extent to which it weighed in her mind, has led petitioner's three children to take the position that their survival, or at least the survival of one of them, not only was made a condition of the existence of this power but also was imposed as a limitation upon its scope. They contend that it is a special power which can be exercised for their benefit alone.

Such a conclusion is not warranted. The language of the will creates the condition, but not the limitation. The condition, by itself, is not eccentric nor frivolous. The evident thought of the testatrix was that, while she would allow her nephew to dispose of the principal by his will only in the event that a child or children of his survived him, she trusted in that case

to his affection for his children and to his sense of obligation to them to provide for them adequately and wisely as the circumstances existing at the time of his death might indicate, but without restricting him inflexibly. To have done so would have prevented petitioner from directing such disposal to others as might be appropriate after the future had been revealed. Her confidence in his judgment is shown by her making him one of her executors and trustees. She did not prohibit him, for example, from directing that something should go to the persons whom petitioner's children might marry, nor to his own wife (since deceased), nor, as would have seemed a likely possibility, to petitioner's grandchildren. Testatrix may well have contemplated these things, which could be accomplished within the language of her will, but not if it were to be construed so as to limit the exercise of the power for the benefit of petitioner's children alone. No such overriding intent has been manifested as to justify the court in imposing such a limitation by departing from the wording of the will.

Lucie Wing Clark, the wife of petitioner Emory Wendell Clark, has died pending this appeal. Her estate could not be interested in the outcome, and her relation to the litigation has become academic.

The decree, so far as appealed from, should be modified so as to construe the eighteenth paragraph of the will of Mary Clark Thompson, deceased, as meaning that in the event that the petitioner, said Emory Wendell Clark, shall leave a child or children, not adopted, living at the time of his death, then the trustees shall pay over the principal of the trust fund to such person or persons as he may by will appoint, and if he leaves no will, or in the event of his failure thus to appoint, the trustees shall pay over the same to such person or persons as would be entitled to take his estate as in intestacy. As so modified the decree should be affirmed, with costs to appellants and respondents, payable out of the fund.

SHIENTAG, J. (concurring). The reasonable construction of the will is that the testatrix intended to give her nephew, the life beneficiary, only the power of disposition exercisable by will, or by statute in default of a will, if he left him surviving children of his own (not adopted), which children will hereafter be referred to for the purposes of this opinion as " natural children ". Such an interest constitutes a testamentary power of appointment whether or not it is so specifically characterized.

The will is " instinct " with an intention to benefit the natural children of the life beneficiary. It is my opinion, there-

fore, that this testamentary power of appointment should be construed, under the circumstances here presented, not as a general power of appointment but as a special power limited to the natural children of the life beneficiary him surviving. It seems to me that, unless we construe the will as granting a limited power of disposition, we disregard entirely the basic fact that the testatrix made the ultimate disposition of the principal of this trust dependent on the survivorship of natural children. The reasonable interpretation is that the corpus is to be distributed to the children as the life beneficiary designates in his will or to them equally in default of the will (*Matter of Hoffman*, 201 N. Y. 247, 253). However, none of my colleagues agrees that the power of disposition should be construed as a special power limited to the natural children surviving the life beneficiary. Two of my colleagues have construed the power of disposition as a general power. Under such a construction the life beneficiary is at least empowered to confer a substantial benefit upon these children appellants. It is for that reason that I concur in the result reached in the opinion of VAN VOORHIS, J.

CALLAHAN, J., concurs in opinion of VAN VOORHIS, J.; SHIENTAG, J., in separate opinion, concurs in result reached by opinion of VAN VOORHIS, J.; GLENNON and COHN, JJ., dissent and vote to affirm.

Decree, so far as appealed from, modified in accordance with the opinion of VAN VOORHIS, J., and as so modified affirmed, with costs to the appellants and respondents, payable out of the fund. Settle order on notice.