Joseph A. Cox, S.
The seventh article of the decedent’s will granted a special power to her children to appoint the remainder of the trust therein created. The power of appointment granted to one of the daughters of the testatrix lapsed upon her death during the lifetime of the testatrix (Matter of Fowles, 222 N. Y. 222) and the share of the trust remainder to which this daughter would have been entitled had she survived the trust term became payable to the daughter’s intestate distributees. (Matter of Thompson, 274 App. Div. 49.) These distributees have assigned their interests and payment will be made to the assignees.
*1074 The eighth article of the will "provided residuary bequests to the children of the testatrix and directed that, in the event any child should predecease the testatrix, the share of such child be paid to the executors or administrators of the child. Inasmuch as this substitutional gift was conditioned upon the death of a child prior to the death of the testatrix, the testamentary language cannot be regarded as an attempt to grant a power of appointment but instead is to be interpreted as a bequest to the estate of the deceased child.
Had a power of appointment been created by the seventh article and had such a power been exercised by the donee’s direction that a portion of the trust remainder be held in a secondary trust, a trustee of such secondary trust would be under the jurisdiction of this court (Chase Nat. Bank v. Central Hanover Bank, 265 App. Div. 434; Matter of New York Life Ins. & Trust Co., 139 N. Y. S. 695, affd. 157 App. Div. 916, affd. 209 N. Y. 585; Bishop v. Bishop, 257 N. Y. 40), but neither the remainder bequest under the seventh article nor the residuary bequest under the eighth article was the subject of a power of appointment. Each bequest was an absolute gift payable by the fiduciaries of this estate and upon such payments being made the funds comprising the bequests, will not retain an identity as assets of this testatrix for the purpose of affording this court a basis for the further exercise of jurisdiction over such assets. Accordingly, this court makes no determination as to where jurisdiction will lie after payments of the bequests have been made.
Submit decree on notice settling the account.