S. Samuel Di Falco, J.
In this proceeding for the settlement of the account of the successor trustee and for construction of the will, the court is called upon to determine the disposition of the remainder of a trust which has fallen with the death of the income beneficiary.
In the tenth paragraph of her will, the testatrix created a trust for the benefit of Arthur W., Bingham, Jr., for life, directing that upon his death, the balance of the fund then on hand was to be paid ‘ ‘ in accordance with the terms of any valid will left by the said Arthur W. Bingham, Jr., and should he leave no valid will then to pay, transfer and deliver the same to the persons entitled to his personal estate under the law of the State of New York and in the proportions prescribed by such law.”
The question at issue requires a determination as to whether the language of gift quoted constituted the grant of a general testamentary power of appointment and if so, to what extent the disposition was affected by the life tenant’s specific renunciation on December 9, 1942 of such a power, if in fact it was later construed as such.
It is axiomatic that the creation of á power of appointment is not circumscribed by precise formula or particular locutions. In Matter of Thompson (274 App. Div. 49) Mr. Justice Van Voobhis carefully and comprehensively reviewed the authorities dealing with this question. In that case (p. 50) there was a direction in the following terms: “ upon his death to pay over the principal to his executors or administrators, provided he leave a child or children, not adopted, living at the time of his death, but in case he should die without leaving any child or children of his own, not adopted, to pay over the principal of said part, share and share alike [to three named charities] ”. It was held that this language constituted the grant of a power of appointment rather than the creation of a vested remainder. It was the conclusion of the court that the personal representatives of the income beneficiary were to act as the conduit through whom the property was to pass to the appointees. In his opinion, Mr. Justice Van Voobhis stated (p. 53): “ ‘ No form of words is requisite to create a power.’ (Hubbard v. Gilbert, 25 Hun 596, 599.) ‘ A power is an authority to do an act in relation to real property, or to the creation or revocation of an estate therein, or a charge thereon, which the owner, granting or reserving the power, might himself lawfully perform.’ (Real Property Law, § 131.) This is applicable, of course, to personal property. *898 (Matter of Cooksey, 182 N. Y. 92.) A power may arise by implication, as is illustrated by the following cases decided on more or less similar facts. (Pennsylvania Co. for Insurances v. Stauffer, 58 N. Y. S. 2d 911, affd. 271 App. Div. 864, affd. 297 N. Y. 633; Drake v. Pell, 3 Edw. Ch. 251; Matter of City Bank Farmers Trust Co. [Spencer], 69 N. Y. S. 2d 235; Matter of Hackett, 130 Misc. 339; Chase National Bank v. Central Hanover Bank, 265 App. Div. 434, supra.) ”
It is plain in this context that the language of gift in the will of our testatrix created a power of appointment. Her meaning is clear that in the event the life beneficiary died without leaving a will, the principal of the trust was to be paid over to his distributees. The point is further clarified in Matter of O’Connor (82 N. Y. S. 2d 310, 312) where the court was called upon to construe language directing the payment of the income of the trust to a named individual for life and the payment of the principal on her death to such persons as she should by will appoint and “ ‘ in default of such last Will and Testament ’ ” to her children. The power was partially exercised. The court held that the words ‘ ‘ ‘ in default of such last Will and Testament ’ ” meant in default of appointment by will rather than in default of any will.
In Matter of Rynear (130 Misc. 804, 805) Surrogate Foley held that the phrase “ ‘ in the event of her dying intestate ’ ” was identical in meaning with the expression ‘ ‘1 failure to exercise the power of appointment ’ ”. To the same effect was Matter of Terwilligar (135 Misc. 170, affd. 230 App. Div. 763) and in Matter of Leland (110 N. Y. S. 2d 696).
The effect of the renunciation by the life tenant of his power of appointment terminated his right to exercise any power over the subject property. (Merrill v. Lynch, 173 Misc. 39.) In effect as to that property he died intestate with the result that the alternative gift to his distributees took effect under the will of the testatrix despite the fact that the donee left a will disposing of his own estate.